## John Batchelder *versus* William Robinson and another.

If a mortgagee, who has entered and been in possession of the land for a year, in order to foreclose the right to redeem, afterwards accept the money secured by the mortgage, this is a waiver of the foreclosure.

A conveyed to B a tract of land in mortgage. B entered and leased the land to A. C, having acquired only the right to redeem the land, brought a writ of entry against A, obtained judgment, and, by virtue of an execution, turned A out of possession. A immediately reentered, for which, C brought trespass—it was held, that the judgment was conclusive between the parties, that, at the time it was rendered, the right of possession was in C, and that A could set up no right which he acquired under B, before the judgment.

This was an action of trespass, *quare clausum fregit*, in which, on the trial, at September term, 1831, upon the general issue, a nonsuit was entered, subject to the opinion of the court, upon the following case.

William Robinson, being lawfully seized of the *locus in quo*, on the 11th December, 1826, by deed, conveyed the same to D. C. Atkinson, in fee and in mortgage, to secure the payment of two promissory notes.

In the spring of the year 1828, Atkinson entered upon the *locus in quo*, for breach of the condition of his mortgage, and agreed with W. Robinson, that the said Robinson might occupy the premises.

On the 31st October, 1828, the plaintiff lawfully acquired all the right in equity, which the said W. Robinson had, under the said mortgage, to redeem the said land.

At the February term of this court, here, 1830, the plaintiff recovered judgment against the defendant, in a writ of entry, to have seizen and possession of the *locus in quo* ; and, on the 22d of the same February, was put in possession, under an execution, and the said W. Robinson removed. But on the 24th of the same February, the defendants entered and took possession, for which entry this action is brought.

On the 3d December, 1830, the plaintiff tendered, to D. C. Atkinson, the amount of the notes secured by the said mortgage, which the said Atkinson accepted.

*Lyford*, for the plaintiff.

*Nesmith*, for the defendant.

*By the court.* This plaintiff has now a good title to the *locus in quo.* For, although the entry and possession of the mortgagee might have been sufficient to foreclose the right in equity to redeem, yet, as the mortgagee has accepted all the money secured by the mortgage, this must be considered as a waiver of the entry for that purpose. 5 Pick. 418, *Fay* v. *Vallentine* ; 4 Greenleaf, 495, *Quint* v. *Little*.

It is equally clear, that when this plaintiff brought his writ of entry against W. Robinson, he had no seizin, which entitled him to maintain such an action. For the mortgagee had the right of possession, and W. Robinson was in the actual possession under the mortgagee.

It seems, therefore, that W. Robinson, might have defeated that action, by pleading the general issue, and putting the demandant, in that suit, to show a seizin.

But judgment passed against Robinson, in that suit, and settled conclusively, between him and this plaintiff, that the right of possession was, at that time, in the plaintiff. Jackson on Real Actions, 2.

And it does not appear, that W. Robinson acquired any new right of entry after the judgment, and before the entry of which the plaintiff complains, nor that the other defendant ever had any right of entry.

We are, therefore, of opinion, that the nonsuit must be set aside, and the cause stand for trial.